**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**CARLOS PETERSON,**

                                        **Plaintiff,**


                        **v.**                                    **9:10-CV-26**
                                                                **(FJS/DEP)**

**ONONDAGA COUNTY, also known as**
**Onondaga County Justice Center,**

                                        **Defendant.**
_____

**APPEARANCES**

**CARLOS PETERSON**
**08-B-3052**
Clinton Correctional Facility
P.O. Box 2000
Dannemora, New York 12929
Plaintiff *pro se*

**SCULLIN, Senior Judge**

## MEMORANDUM-DECISION AND ORDER

## I. BACKGROUND

        Currently before the Court are Plaintiff Carlos Peterson's amended complaint and motion

for appointment of counsel.  *See* Dkt. Nos. 5, 9.  Plaintiff submitted the amended complaint in

compliance with this Court's January 31, 2010 Memorandum-Decision and Order.[1]  *See* Dkt. No.

4.  In that Memorandum-Decision and Order, the Court directed the Clerk of the Court to

substitute Onondaga County as the sole Defendant in place of Onondaga County Justice Center,

_____

        [1] In its January 31, 2010 Memorandum-Decision and Order, the Court also granted
Plaintiff's *in forma pauperis* application.  *See* Dkt. No. 4.

as Onondaga County was the real party in interest. *See id*. at 4. The Court found, however, that Plaintiff had failed to state a claim for relief against Onondaga County because he had failed to allege that Onondaga County had adopted a custom or policy that was the moving force behind the violation of Plaintiff's rights. *See id*. at 5. The Court also noted that, although Plaintiff seemed to allege that "**correctional officers** at Onondaga County Justice Center failed to protect him from harm in violation of the Eighth Amendment . . . Plaintiff . . . [had] not identified any of 'the correctional officer(s)' involved in the alleged wrongdoing or named any of them as Defendants." *See id.* The Court granted Plaintiff the opportunity to submit an amended complaint and advised Plaintiff that, if he submitted an amended complaint, he should, to the greatest extent possible, name defendants who participated in the alleged misconduct and state how each defendant personally participated in the alleged wrongdoing that gave rise to his claims. *See* Dkt. No. 4 at 6. In addition, the Court advised Plaintiff that, if he intended to continue this action against Onondaga County, his amended complaint should contain "sufficient facts to state a plausible claim against Onondaga County on the basis of municipal liability." *See id*.

## II. DISCUSSION

### A.    Amended complaint

In his amended complaint, Plaintiff alleges that, while he was incarcerated at the Onondaga County Justice Center, Correctional Officer Johnson failed to protect him from harm in violation of Plaintiff's Eighth Amendment rights. *See* Dkt. No. 5. Although Plaintiff does not name Correctional Officer Johnson as a Defendant either in the caption or listing of parties,

construing Plaintiff's amended complaint liberally, the Court concludes that Plaintiff is alleging that Correctional Officer Johnson violated his constitutional rights. Therefore, the Court directs the Clerk of the Court to add "Correctional Officer Johnson, Onondaga County Justice Center" as a Defendant.

Plaintiff does not, however, include any allegations of wrongdoing on the part of Defendant Onondaga County, nor does he allege a plausible claim against Defendant Onondaga County since he fails to allege facts that would demonstrate that Defendant Onondaga County adopted a custom or policy that was the moving force behind the violation of Plaintiff's rights. Therefore, the Court dismisses Onondaga County as a Defendant **without prejudice**.

**B.        Motion for appointment of counsel**

Turning to Plaintiff's motion for appointment of counsel, in *Terminate Control Corp. v. Horowitz*, 28 F.3d 1335 (2d Cir. 1994), the Second Circuit reiterated the factors that a court must consider in ruling upon such a motion. In deciding whether to appoint counsel, the court "'should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider'" a number of other factors in making its determination. *Terminate Control Corp.*, 28 F.3d at 1341 (quoting [*Hodge v. Police Officers*, 802 F.2d 58,] at 61 [(2d Cir. 1986)]) (other citation omitted). Of these criteria, the most important is the merits, *i.e.*, "'whether the indigent's position was likely to be of substance.'" *McDowell v. State of N.Y.*, No. 91 Civ. 2440, 1991 WL 177271, *1 (S.D.N.Y. Sept. 3, 1991) (quoting *Cooper*, 877 F.2d at 172). Although "[i]ndigents do not have to demonstrate that they can win their cases without the aid of counsel; they do have to show likely merit." *Id.* (citation

omitted).

Plaintiff only recently commenced this action.  Defendant has not yet responded to the allegations contained in Plaintiff's amended complaint, and the only facts on which this Court may base its decision as to whether this lawsuit is of substance are those portions of Plaintiff's amended complaint wherein he states the facts surrounding his claim.  Where a plaintiff does not provide a court with evidence, as opposed to mere allegations, relating to his claims, such party does not meet the first requirement that the Second Circuit has imposed relative to applications seeking appointment of *pro bono* counsel.  *See Harmon v. Runyon*, No. 96 CIV. 6080, 1997 WL 118379, *1 (S.D.N.Y. Mar. 17, 1997).

In light of the foregoing, the Court denies Plaintiff's motion for appointment of counsel without prejudice.  After the Defendant has responded to the allegations in Plaintiff's amended complaint, Plaintiff may choose to file a new motion for appointment of counsel, at which time the Court might be better able to determine whether such appointment is warranted in this lawsuit.


### III. CONCLUSION

After carefully considering the entire file in this matter, including Plaintiff's amended complaint and his motion for appointment of counsel, as well as the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Onondaga County is **DISMISSED** from this action as a Defendant **without prejudice**; and the Court further

**ORDERS** that the Clerk of the Court shall add "Correctional Officer Johnson, Onondaga

-4-

County Justice Center" to the docket as a Defendant; and the Court further

**ORDERS** that the Clerk of the Court shall issue a summons and forward it, together with a copy of the amended complaint, to the United States Marshal for service upon the named Defendant. The Clerk of the Court shall forward a copy of the summons and amended complaint by mail to the Office of the County Attorney for Onondaga County, together with a copy of this Memorandum-Decision and Order; and the Court further

**ORDERS** that Defendant or his counsel shall file a response to Plaintiff's amended complaint as provided for in the Federal Rules of Civil Procedure after service of process on Defendant; and the Court further

**ORDERS** that Plaintiff's motion for appointment of counsel is **DENIED without prejudice**; and the Court further

**ORDERS** that the parties shall file all pleadings, motions and other documents relating to this action with the Clerk of the United States District Court, Northern District of New York, James Hanley U.S. Courthouse & Federal Building, 7th Floor, 100 South Clinton Street, Syracuse, New York 13261-7367. **The parties must accompany any paper that they send to the Court or to the Clerk of the Court with a certificate showing that they mailed a true and correct copy of the same to all opposing parties or their counsel. The Court will strike from the docket any document that the Court or the Clerk of the Court receives that does not include a certificate of service showing that the party has served a copy of the same on all opposing parties or their counsel.** Plaintiff must comply with any requests of the Clerk's Office for any documents that are necessary to maintain this action. All parties must comply with Local Rule 7.1 in filing motions. **Plaintiff is also required to notify, in writing, the**

**Clerk's Office and all parties or their counsel promptly of any change in his address; his failure to do so may result in the dismissal of this action**. The Court will decide all motions on the submitted papers without oral argument unless the Court orders otherwise; and the Court further

ORDERS that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: March 30, 2010
        Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Court Judge